IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ROGER KILLPACK,**<br><br>         **Plaintiff,**<br><br>v.<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,**<br><br>         **Defendant.** | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:08-cv-589-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Roger Killpack's ("Plaintiff") appeal of Michael J. Astrue's (the "Commissioner") final decision denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument would not be helpful or necessary in this case.

## BACKGROUND

On May 30, 2000, Plaintiff applied for DIB and SSI, alleging disability beginning on February 1, 1997, due to spinal injuries, removal of his left eye, poor vision in his right eye, kidney damage, pain, sleeplessness, depression, and urinary incontinence.[1]  Plaintiff's application

---

[1] *See* docket no. 7, Administrative Record ("Tr. ____"), 51-53, 88.

was denied initially in September 2000, and upon reconsideration in March 2001.[2]  On March 19, 2001, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on November 19, 2001.[4]  On January 17, 2002, the ALJ issued a written decision denying Plaintiff's claims.[5]  After the Appeals Council denied Plaintiff's request for review,[6] Plaintiff commenced an action in this court for judicial review.  On October 3, 2005, the court remanded Plaintiff's case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).[7]

On June 1, 2006, the Appeals Council vacated the ALJ's January 17, 2002 decision and remanded the case to the ALJ for further proceedings.[8]  On March 21, 2007, a supplemental hearing was held before the ALJ.[9]  On April 10, 2007, the ALJ issued a decision denying Plaintiff's claims for DIB and SSI because he had the residual functional capacity ("RFC") to perform the full range of sedentary, unskilled work with certain specified limitations.[10]

---

[2]  *See* Tr. 39-40, 42-48.

[3]  *See* Tr. 41.

[4]  *See* Tr. 328-88.

[5]  *See* Tr. 11-24.

[6]  *See* Tr. 7-10.

[7]  *See* Tr. 425-26.

[8]  *See* Tr. 422-24.

[9]  *See* Tr. 519-78.

[10]  *See* Tr. 398-416.

Plaintiff filed a timely request for review of the ALJ's decision.[11] On June 5, 2008, the Appeals Council denied Plaintiff's request for review,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On August 6, 2008, Plaintiff filed his complaint in this case, which was assigned to District Judge Ted Stewart.[13] Thereafter, in response to a court order,[14] both parties consented to have a Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] Consequently, the case was reassigned to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[16]

On October 10, 2008, the Commissioner filed his answer to Plaintiff's complaint,[17] and the court received the Administrative Record the same day.[18] Plaintiff filed his opening brief on

---

[11] *See* Tr. 394.

[12] *See* Tr. 389-91.

[13] *See* docket no. 3.

[14] *See* docket no. 10.

[15] *See* docket nos. 11-12.

[16] *See id.*

[17] *See* docket no. 5.

[18] *See* docket no. 7.

November 12, 2008.[19] The Commissioner filed his responsive brief on December 12, 2008.[20] Plaintiff filed his reply brief on December 19, 2008.[21]

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[19] *See* docket no. 13.

[20] *See* docket no. 14.

[21] *See* docket no. 15.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility and in assessing Plaintiff's RFC. Predicated upon the success of those two arguments, Plaintiff also argues that the court should enter an order for immediate payment of DIB and SSI to Plaintiff. The court will address each of those arguments in turn.

### I. Credibility

Plaintiff argues that the ALJ erred in his credibility determination. More specifically, Plaintiff argues that the ALJ erred in determining that Plaintiff's testimony concerning his need to urinate frequently was not entirely credible.

In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id*.; *see* 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, Plaintiff testified that he needed to urinate frequently, sometimes as often as every 10 to 60 minutes. In his decision, the ALJ acknowledged that assertion but determined that Plaintiff did not need to urinate so frequently "that it would affect his ability to work, as long as there was a restroom nearby for quick access."[22] Later in his decision, the ALJ also determined that Plaintiff's testimony about his symptoms was not entirely credible because the existence of those symptoms was not substantiated by objective medical evidence. In reaching that overall conclusion about Plaintiff's credibility, the ALJ discussed Plaintiff's own testimony about his ability to perform activities of daily living and noted that said testimony was inconsistent with Plaintiff's overall claim that he was unable to work.[23] The ALJ also discussed Plaintiff's failure to maintain a consistent patient relationship with any physician regarding his allegedly disabling mental and physical impairments.[24] In addition, the ALJ noted that the medical record did not contain any opinions from acceptable treating or examining physicians indicating that Plaintiff was disabled or could not perform work.[25] In sum, the ALJ concluded that the absence of objective medical evidence and Plaintiff's "significant activities"[26] undermined the credibility of Plaintiff's testimony.

---

[22] Tr. 408.

[23] *See* Tr. 406-408.

[24] *See* Tr. 411.

[25] *See id*.

[26] *Id*.

Plaintiff argues that the ALJ failed to articulate any specific reasons to support his determination that Plaintiff's testimony concerning his need to urinate every 10 to 60 minutes was not entirely credible.  The court disagrees.  The ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony was not credible, including his testimony about his need to urinate frequently.  First, the ALJ properly relied upon the lack of objective medical evidence to support Plaintiff's allegations.  *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2); SSR 96-7p; *see also Thompson*, 987 F.2d at 1488-89.  While Plaintiff has cited to record evidence indicating that he had been diagnosed with some type of urinary tract impairment at some point in time, he has failed to cite any evidence in the record to support his allegation that he needed to urinate every 10 to 60 minutes or to indicate that he needed to urinate with any specific frequency.  Second, the ALJ properly relied upon the following factors set forth in SSR 96-7p:  Plaintiff's daily activities; the medication, or lack thereof, Plaintiff was taking to alleviate pain and other symptoms; and the treatment, or lack thereof, that Plaintiff was receiving or had received for relief of pain and other symptoms.  *See* SSR 96-7p; *see also Thompson*, 987 F.2d at 1488-89; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

For these reasons, the court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in reaching his credibility determination.  Accordingly, the court will not disturb the ALJ's credibility determination.

## II.  RFC

Plaintiff makes four arguments with respect to the ALJ's RFC assessment.  First, Plaintiff argues that the ALJ erred in his RFC assessment because he failed to account for Plaintiff's

alleged need to urinate as frequently as every 10 to 60 minutes. For the same reasons set forth above, that argument fails. The ALJ acknowledged Plaintiff's assertion with respect to his need to urinate every 10 to 60 minutes but determined that Plaintiff did not need to urinate so frequently "that it would affect his ability to work, as long as there was a restroom nearby for quick access."[27] The ALJ also reached the conclusion that Plaintiff's testimony about his symptoms was not credible, and the court has upheld that credibility determination. Therefore, the court concludes that the ALJ did not err in his RFC assessment by failing to include Plaintiff's alleged need to urinate every 10 to 60 minutes.

Second, Plaintiff appears to argue that the ALJ failed to satisfy the narrative discussion requirement of SSR 96-8p. *See* SSR 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). That argument also fails. In his credibility determination, which is contained within his discussion concerning Plaintiff's RFC, the ALJ discussed the appropriate evidence in the record, including the relevant nonmedical evidence and the overall lack of objective medical evidence. In this case, the court does not believe any further discussion was required to satisfy the narrative discussion requirement of SSR 96-8p.

Third, Plaintiff asserts that the ALJ erred by failing to address alleged discrepancies between Plaintiff's General Educational Development ("GED") levels and the GED levels

---

[27] Tr. 408.

required by two of the jobs discussed by the vocational expert ("VE").  That argument is without merit.  The transcript of the hearing demonstrates the for both of the above-referenced jobs, the ALJ specifically asked the VE about the GED discrepancy and asked him to reduce the number of available jobs, which the VE did.[28]  Notably, while Plaintiff raises this argument in a cursory fashion in his opening brief, he fails to discuss it further in his reply brief.

Fourth, Plaintiff appears to argue that the ALJ erred by failing to account for all of Plaintiff's limitations in discussing the semi-conductor/bonder job with the VE because, according to Plaintiff, "the VE testified [that job] would be problematic because of [Plaintiff]'s handling and fingering limitations."[29]  That argument is both misleading and without merit.  Nowhere in the portion of the transcript Plaintiff has cited does the VE testify that the semi-conductor/bonder job would be "problematic."  Instead, the VE merely provided the requirements for that job, after which the ALJ asked the VE to reduce the number of jobs available for that position "to fit the hypothetical."[30]  The VE did provide such a reduction,[31] and the hypothetical the ALJ provided to the VE clearly includes Plaintiff's handling and fingering limitations.[32]  Tellingly, and similar to his previous argument, Plaintiff makes this one-sentence argument in his opening brief but fails to address it further in his reply brief.

---

[28] *See* Tr. 568-69.

[29] Docket no. 13 at 6.

[30] Tr. 570.

[31] *See id*.

[32] *See* Tr. 566-68.

For these reasons, the court concludes that the ALJ did not err in assessing Plaintiff's RFC.

### III.  Request for Immediate Payment of Benefits

In his final argument, Plaintiff asserts that the court should enter an order for immediate payment of DIB and SSI.  That argument appears to be predicated on the success of the foregoing arguments in support of reversal of the Commissioner's decision.  Given that the court has rejected all of those arguments, it logically follows that the court will not enter an award for immediate payment of benefits.

### CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED** in all respects.

**IT IS SO ORDERED**.

DATED this 23rd day of July, 2009.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge